# EXHIBIT A

# NOTICE OF CLASS AND COLLECTIVE ACTION AND PROPOSED SETTLEMENT

**If you worked as an hourly-paid, non-exempt employee of Sellars Absorbent Materials, Inc. between the dates of October 13, 2020, and October 13, 2023, you may be entitled to benefits under this settlement.**

**THIS NOTICE AFFECTS YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.**
*This is not a solicitation from a lawyer. A Federal Court has authorized this Notice.*

**TO:** Current and former hourly-paid, non-exempt employees of Sellars Absorbent Materials, Inc. (simply, "Sellars") who received an attendance, referral, retention, sign-on, or record breaker bonus, shift premium, or leader pay and/or worked at least 160 hours between October 13, 2020, and October 13, 2023.

**RE:** Settlement of Claims for Alleged Unlawful Pay Practices

- George Boerschinger (the "Class Representative") filed a lawsuit against Sellars alleging violations of the Fair Labor Standards Act ("FLSA") and Wisconsin Wage Payment and Collection Laws ("WWPCL"), in the United States District Court for the Eastern District of Wisconsin (Milwaukee Division), captioned *George Boerschinger v. Sellars Absorbent Materials, Inc.,* Case No. 23-cv-1365 (the "Lawsuit").

- Sellars strongly denies the allegations but, to avoid costly and time-consuming litigation, entered into a Settlement Agreement and Release of Claims (the "Settlement") with the Class Representative.

- This Notice is to inform you about the status of the Lawsuit, including your potential right to receive a share of the monies set aside by Sellars to resolve the Lawsuit (the "Settlement Fund"). **Your legal rights are affected, and you have a choice to make in this action now.**

**YOUR OPTIONS ARE EXPLAINED IN THIS NOTICE. PLEASE READ IT CAREFULLY.**

### 1. What is this Lawsuit about?

On October 13, 2023, the Lawsuit was filed against Sellars by the Class Representative, George Boerschinger, on behalf of himself and all other similarly situated individuals who worked as hourly-paid, non-exempt employees at Sellars between October 13, 2020, and October 13, 2023, alleging that Sellars unlawfully rounded employees' hours worked and failed to include all forms of nondiscretionary compensation in their regular rates of pay for overtime calculation purposes.

Sellars strongly denies the allegations, and the Court has not considered or made any decisions as to the merits of the Class Representative's claims or Sellars' defenses.

For settlement purposes only, the Court certified the Lawsuit as a class action and collective action on behalf of hourly-paid, non-exempt employees who worked for Sellars, as follows:

- <u>WWPCL Class</u>: All individuals who worked as hourly-paid, non-exempt employees at Sellars' Wisconsin facilities and who received an attendance, referral, retention, sign-on, or record breaker bonus, shift premium, or leader pay and/or worked at least 160 hours between October 13, 2021, and October 13, 2023.

- <u>FLSA Collective</u>: All individuals who worked as hourly-paid, non-exempt employees at Sellars' Wisconsin and Pennsylvania facilities and who received an attendance, referral, retention, sign-on, or record breaker bonus, shift premium, or leader pay and/or worked at least 160 hours between October 13, 2020, and October 13, 2023.

The Class Representative and Sellars have negotiated a Settlement on behalf of the WWPCL Class and FLSA Collective as defined above. While the Court has not made a final determination on the outcome of the Lawsuit, it has preliminarily approved the proposed Settlement and authorized this Notice.

## 2. Payments Under the Settlement

To settle this lawsuit, Sellars created a Settlement Fund totaling $120,000.00 for payment: to individuals who participate in the Lawsuit (as explained in Section 3); of a service award to the Class Representative; and of attorneys' fees and costs to Class Counsel.

**Payments to Participants**
Of the total Settlement Fund, at least $72,500.00 is allocated for payments to the WWPCL Class and FLSA Collective. This amount was determined by calculating the alleged monetary payments owed to eligible participants, based upon documentation and data provided by Sellars and thoroughly reviewed by Class Counsel, and then reducing said amounts commensurate with the anticipated level of risk for continued litigation.

**Service Award**
Of the total Settlement Fund, the Class Representative will petition the Court for a Service Award of $5,000.00 to be paid to the Class Representative in recognition of his efforts in bringing and pursuing the Lawsuit.

**Payment of Attorneys' Fees and Costs**
Of the total Settlement Fund, the Class Representative will petition the Court for attorneys' fees and costs of $42,500.00 to be paid to Class Counsel.

## 3. Your Right to Participate and the Effect On Your Legal Rights

The claims at issue in the Lawsuit are pursuant to both state (WWPCL) and federal (FLSA) laws. Depending on your level of participation in the Lawsuit, your legal rights under one or both laws will be impacted. Sellars cannot terminate your employment, or treat you any differently because of your participation in, or exclusion from, the Settlement. **If you are receiving this Notice, you have the following options:**

**Participate in the Rule 23 Class**
If you meet the WWPCL Class definition, provided in section 1, above, no further action is necessary to participate in the WWPCL Class. Should the Settlement be approved by the Court, participation in the WWPCL Class will result in the release of all WWPCL claims relating to or arising from the facts and claims alleged in the Lawsuit through the date of the Final Order approving settlement.

**Participate in the FLSA Collective**
If you received this Notice, it is presumed that you meet the FLSA Collective definition, provided in section 1, above. If you want to participate in the FLSA Collective (in addition to the Rule 23 Class), you **must** return the "Consent to Join Form" **on or before [DATE – 45 days from Notice mailing]** to the Settlement Administrator, Rust Consulting (whose contact information is at the end of this mailing). Should the Settlement be approved by the Court, participation in the FLSA Collective will result in the release of all FLSA claims relating to or arising from the facts and claims alleged in Lawsuit through the date of the Final Order approving settlement.

**Request to be Excluded**
If you qualify as a member of the WWPCL Class and you do not want to participate in the Lawsuit whatsoever, you must submit a request for exclusion. To be effective, the request for exclusion must: (i) include your full name, address, and telephone number; (ii) include your dates of employment at Sellars and job title(s); and (iii) specifically state your desire to be excluded from the settlement in *George Boerschinger v. Sellars Absorbent Materials, Inc.,* Case No. 23-cv-1365. If you exclude yourself, you will **not** receive any monies from the Settlement Fund, you will not be bound by the terms of the Settlement, and you will not release any state law claims against Sellars. **You must submit your request for exclusion on or before [DATE – 45 days from Notice mailing]** to the Settlement Administrator, Rust Consulting (whose contact information is at the end of this mailing). If you are a member of the WWPCL Class, failure to include the required information or to timely submit your request will result in your remaining a member of the WWPCL Class and being bound by any final judgment.

**Object**

If you wish to participate in the Lawsuit and Settlement and you do not request to be excluded, you may object to the terms of the Settlement. If you object and the Settlement is approved, and you fail to submit a timely valid request to be excluded, you will be barred from bringing your own individual lawsuit asserting claims related to the matters released through this Settlement, and you will be bound by the final judgment and release and all Orders entered by the Court. You may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your own attorneys' fees and costs.

You must file any objection to the Settlement with the United States District Court for the Eastern District of Wisconsin on or before **[DATE – 45 days from Notice mailing]** and provide copies of the objection to: Attorney Scott S. Luzi, Walcheske & Luzi, LLC, 235 N. Executive Drive, Suite 240, Brookfield, Wisconsin 53005; Email: sluzi@walcheskeluzi.com; and to: Attorney Erin M. Cook, Godfrey & Kahn, S.C., 833 East Michigan Street, Suite 1800, Milwaukee, Wisconsin 53202; Email: MCook@gklaw.com. The objection must state: (i) your full name, address, and telephone number; (ii) your dates of employment at Sellars and job title(s); (iii) a written statement of your factual and legal support for your objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based; (v) a list of all persons who will be called to testify in support of the objection; and (vi) a statement whether you intend to appear at the Fairness Hearing. If you intend to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing you who will appear at the Fairness Hearing. If you do not timely make your objections in this manner, you will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

### 4. Class Counsel

The Court appointed the following lawyers as Class Counsel to represent the WWPCL Class and FLSA Collective:

Attorney Scott Luzi, Walcheske & Luzi, LLC, 235 N. Executive Drive, Suite 240, Brookfield, Wisconsin 53005
Telephone: (262) 780-1953   Fax: (262) 565-6469   Email: sluzi@walcheskeluzi.com

If you participate in the Lawsuit, your interests will be represented by Class Counsel. Please direct any questions you have about the Lawsuit, the Settlement, and/or your rights and options under the Settlement to Class Counsel.

**Do not contact the Court.**

### 5. The Fairness Hearing

A hearing will be held before the Honorable William E. Duffin, United States District Court for the Eastern District of Wisconsin, Milwaukee Division, 517 East Wisconsin Avenue, Courtroom 242, Milwaukee, Wisconsin 53202, on **MONTH & DATE**, 2024 at **TIME**. The purpose of the hearing is for the Court to decide whether the proposed Settlement is fair, reasonable, and adequate and should be approved and also to approve the service award and Class Counsel's attorneys' fees and costs. The location, time, and date of this hearing may be changed without further notice. If the Court approves the proposed Settlement, it will enter a judgment that will dismiss the Lawsuit with prejudice on the merits as to all WWPCL Class members who do not exclude themselves and all FLSA Collective members who consent to join the Settlement. The payments to which you are entitled as result of your participation in the Lawsuit would follow. If the Court does not approve the proposed Settlement, the case will proceed as if no settlement has been attempted and there can be no assurance that the class will recover more than is provided for in this Settlement or, indeed, anything.

### 6. Further Information

For additional information you may contact Class Counsel, whose contact information is provided in Section 4, above.

**NO INQUIRIES SHOULD BE DIRECTED TO THE COURT**

## CONSENT TO JOIN FORM

Pursuant to 29 U.S.C. §216(b), I hereby consent to make a claim against Sellars Absorbent Materials, Inc. for overtime wages owed for and/or for any other claim for wages brought in this action against Sellars Absorbent Materials, Inc. I hereby authorize the filing and prosecution of this Fair Labor Standards Act action in my name and on my behalf and designate George Boerschinger as class representative to make decisions on my behalf concerning this litigation, the method and manner of conducting this litigation, the entering of an agreement with Class Counsel concerning attorneys' fees and costs, and all other matters pertaining to this Lawsuit.

**NAME**: _____
Print Name

**SIGNATURE**: _____
Sign Name

**DATE**: _____
Date

**PLEASE RETURN TO**: Rust Consulting

**BY MAIL** [ADDRESS]

or

**BY E-MAIL** [EMAIL]

31648314.2

4