UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

GEORGE BOERSCHINGER,
on behalf of himself and
all others similarly situated,

      Plaintiff,                                        Case No. 2:23-cv-01365-WED

      v.

SELLARS ABSORBENT MATERIALS, INC.,

      Defendant.

---

**JOINT MOTION FOR AND BRIEF IN SUPPORT OF FINAL APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT**

---

Plaintiff, George Boerschinger, on behalf of himself and all others similarly situated, and Defendant, Sellars Absorbent Materials, Inc. jointly move this Court for final approval of their Settlement Agreement & Release (ECF No. 28) as a final step in concluding this wage and hour class/collective action.

**BACKGROUND**

I.      **PROCEDURAL HISTORY AND NOTICE ADMINISTRATION RESULTS[1]**

On September 27, 2024, Defendant filed the parties' Settlement Agreement with this Court, which provides for a gross settlement amount not to exceed $120,000, inclusive of alleged damages by Named Plaintiff and all putative class and collective members ($72,500), the proposed

---

[1] For purposes of brevity, we focus on procedural history beginning at the settlement approval phase of this case, along with limited, relevant facts. For a discussion regarding the procedural history from the filing of the complaint to the motion for preliminary settlement approval, settlement background, and the settlement terms, *see* Memorandum of Law in Support of Joint Motion for Preliminary Approval of Class and Collective Action Settlement (hereinafter "Preliminary Approval Motion"). (ECF No. 27.)

service award ($5,000), and reasonable attorneys' fees and costs ($42,500). (ECF No. 28.) On September 30, 2024, this Court preliminarily approved the parties' Settlement Agreement and authorized notice to putative class and collective members regarding the lawsuit and settlement. (ECF No. 31.)

On October 15, 2024, Rust Consulting, the parties' third-party settlement administrator, mailed 349 notices to putative collective and class members via first class U.S. mail. (Declaration of Jennifer Mills for Rust Consulting, Inc. ("Mills Decl.") ¶ 9.) In accordance with this Court's preliminary approval order, putative settlement class members' consent to join forms, requests for exclusion, and objections had to be postmarked no later than 45 days after the notice mailing, or by November 29, 2024, in order to be valid. (*Id.*; ECF No. 31, ¶ 9.)

Of the 349 mailed notices, one was returned as undeliverable with a forwarding address included, and 31 were returned as undeliverable without forwarding addresses. (Mills Decl. ¶¶ 11-12.) The notice returned as undeliverable with a forwarding address was promptly remailed to that address. (*Id.* ¶ 12.) Of the 31 that were returned as undeliverable without forwarding addresses, 23 were remailed using updated address information obtained through address traces. (*Id.* ¶ 11.) Eleven notices remained undeliverable. (*Id.*)

As a result of settlement administration, 54 individuals returned consent to join forms. (*Id.* ¶ 13.) Thus, along with Named Plaintiff and opt-in plaintiff Harold Sheridan (ECF No. 6), 56 individuals form the FLSA Collective for settlement purposes. The WWPCL Class consists of 300 individuals, as no requests for exclusion were received over the course of settlement administration, nor did Rust Consulting receive any objections to the settlement. (Mills Decl. ¶¶ 14-15.) Of the net settlement fund of $72,500, the 307 settlement class members "claimed" $55,672.01. (Declaration of Sarah K. Keebler ¶ 3.)

## II. REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION: SETTLEMENT DISTRIBUTION

The parties' Settlement Agreement will be deemed effective 10 business days after this Court enters its final approval order (the "Effective Date"). (ECF No. 28, § IV.A.) Within 10 business days of the Effective Date, Defendant will transfer the gross settlement amount to Rust Consulting (less any unclaimed funds to putative FLSA Collective members who did not consent to join the litigation). (*Id.* at § IV.C.) Within 10 business days thereafter, Rust Consulting will issue settlement checks to all settlement class members for their respective allocations, a check to Named Plaintiff in the amount of his Court-approved service award, and a check to Class Counsel in the amount of their Court-approved attorneys' fees and costs. (*Id.* at § IV.D.)

Settlement checks will expire upon the settlement check void date, which is 90 days after issuance. (*Id.* at § IV.E.) If a settlement check is returned as undeliverable, Rust Consulting is responsible for taking appropriate steps to identify and mail the settlement check to an alternate mailing address within five business days of its return. (*Id.* at § IV.F.) Checks that are returned a second time will be deemed undeliverable. (*Id.*) In the event that, before the settlement check void date, any party (Named Plaintiff, Defendant, or Rust Consulting) becomes aware that a settlement class member did not receive or lost the settlement checks, Rust Consulting will issue a stop payment order and issue replacement checks, which will then expire 90 days after reissuance. (*Id.* at § IV.E.)

All unclaimed funds, by virtue of failure to opt into the FLSA Collective as well as the amount of any uncashed settlement checks after their respective settlement check void date, will revert to Defendant. (*Id.* at §§ IV.C., IV.G.)

# ARGUMENT

## I. THE STANDARD FOR FINAL COURT APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENTS

Under Federal Rule of Civil Procedure 23, a class action settlement may be approved only if a hearing has been conducted, and the court finds that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). To evaluate whether the proposal is "fair, reasonable, and adequate," courts consider whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate; and

(D) the proposal treats class members equitably relative to each other.

*Id.; Hobon v. Pizza Hut of S. Wis., Inc.*, No. 17-cv-947, 2019 WL 13217369, at *1-2 (W.D. Wis. Dec. 13, 2019).

Similarly, under the FLSA, courts may approve a settlement agreement that is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions," rather than a waiver of the employee's statutory rights. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). District courts may approve such agreements to "promote the policy of encouraging settlement of litigation." *Id.* at 1354. "Factors considered when reviewing settlement agreements for FLSA collective actions include 'the range of reasonableness of the settlement fund in light of the best possible recovery [and] all the risks of litigation,' such as the risks of establishing liability and damages." *Butz v. Automation Sols. of Am.*, No. 16-cv-696, 2017 WL 5713986, at *1 (W.D. Wis. Nov. 7, 2017) (citations omitted); *see also Mollett v. Kohl's Corp*, No. 21-cv-707, 2022 WL 4641082, at *2 (E.D. Wis. Sept. 30, 2022).

## II. FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

The parties provide a fulsome analysis in their Preliminary Approval Motion establishing that the Settlement Agreement is fair, reasonable, and adequate under Rule 23(e)(2), and represents a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act. (*See* ECF No. 27, pp. 6-11, 15-16.) The Court did not raise concerns with the parties' analysis at the preliminary approval stage, so in lieu of repeating the same analysis here, the parties provide the following high-level summary for the Court's consideration.

This case involves *bona fide* disputes regarding whether Defendant violated the FLSA and the WWPCL as alleged by Named Plaintiff, especially regarding liability and damages for Defendant's rounding practices. (*See* Luzi Decl., ECF No. 30, ¶ 10; Cook Decl., ECF No. 29, ¶ 5.) Despite those disputes, the parties agreed it was in their best interests to pursue resolution; accordingly, the parties conducted extensive data analysis and calculation and engaged in informal, arm's-length and good-faith settlement discussions and negotiations, the fruits of which are embodied in their Settlement Agreement. (*See* Luzi Decl. ¶ 10.)

The amount recoverable by the settlement class represents a reasonable and adequate result and treats class and collective members equitably relative to each other. The allocation of $72,500 among the putative settlement class members is attached as Exhibit B to the Settlement Agreement. (ECF No. 28, Ex. B.) The amounts in the "Regular Rate Claim" column of Exhibit B are the actual amounts such individuals were calculated to be allegedly owed under the regular rate claim based on all available timekeeping and compensation data and information. (*See* Cook Decl. ¶ 3.) As Defendant strongly denied liability for its rounding practices but desired a global resolution, the remaining funds were allocated under the "Rounding Claim" columns on a pro rata basis according to total hours worked (with a minimum of 160 total hours worked). (*See id.* at ¶¶ 4-5.) As such,

the amount allocated to the WWPCL Class and FLSA Collective are representative of the class's actual, alleged damages.

Under all the circumstances presented, including the absence of any objections or requests for exclusion, the parties believe their Settlement Agreement as a whole to be fair, reasonable, and adequate.

## **CONCLUSION**

Given the totality of the foregoing, as well as for the reasons set forth in the parties' prior filings in support of preliminary approval, the parties respectfully request that this Court:

1. Approve the parties' Settlement Agreement as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23;

2. Approve the parties' Settlement Agreement as a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act;

3. Find that the parties and all participating settlement class members are bound by the parties' Settlement Agreement;

4. Order that Named Plaintiff's released claims and the respective released claims of all participating settlement class members are dismissed with prejudice;

5. Order that the FLSA claims of all individuals who did not affirmatively consent to join the FLSA Collective are dismissed without prejudice;

6. Approve a service award to Named Plaintiff in an amount determined by the Court;

7. Approve an award of attorneys' fees and costs to Class Counsel in an amount determined by the Court; and

8. Dismiss this lawsuit on the merits and with prejudice.

Dated this 17th day of January, 2025.

| | |
|---|---|
| **WALCHESKE & LUZI, LLC** <br> Counsel for Plaintiff <br><br> s/ *Scott S. Luzi* <br> James A. Walcheske, State Bar No. 1065635 <br> Scott S. Luzi, State Bar No. 1067405 <br> David M. Potteiger, State Bar No. 1067009 <br> WALCHESKE & LUZI, LLC <br> 235 North Executive Drive, Suite 240 <br> Brookfield, Wisconsin 53005 <br> Email: jwalcheske@walcheskeluzi.com <br> Email: sluzi@walcheskeluzi.com <br> Email: dpotteiger@walcheskeluzi.com <br> Telephone: (262) 780-1953 | **GODFREY & KAHN, S.C.** <br> Counsel for Defendant <br><br> s/ *Sarah K. Keebler* <br> Josh Johanningmeier, State Bar No. 1041135 <br> Erin M. Cook, State Bar No. 1074294 <br> Sarah K. Keebler, State Bar No. 1114561 <br> GODFREY & KAHN, S.C. <br> 833 E. Michigan Street, Suite 1800 <br> Milwaukee, Wisconsin 53203 <br> Email: jjohanningmeier@gklaw.com <br> Email: mcook@gklaw.com <br> Email: skeebler@gklaw.com <br> Telephone: (414) 273-3500 |

32385319.1